# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DETERRIUS LAMONT WILSON                                               PETITIONER
ADC # 148279

VS.                    NO. 5:19-CV-00134-BRW-JTR

WENDY KELLEY, Director,
Arkansas Department of Corrections                                  RESPONDENT

## ORDER

Pending before the Court is a document filed on behalf of Petitioner Deterrius Lamont Wilson ("Mr. Wilson"), who is currently incarcerated in the Grimes Unit of the Arkansas Department of Correction. *Doc. 1*. The Court treated the document as a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. However, service is not yet appropriate due to two deficiencies.

**A.**     **Next Friend Status**

First, the initial filing document, or "Petition," is signed by "Juanita Wilson," ("Ms. Wilson"), who identifies herself as Mr. Wilson's mother. Ms. Wilson provides no explanation for why Mr. Wilson did not sign the document filed to initiate this action.

A habeas application must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see* Rule 2(c)(5), Rules Governing § 2254 Cases in United States District Courts (habeas

petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"). Standing to proceed as a "next friend" on behalf of a habeas petitioner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The proposed next friend bears the burden of establishing the "propriety of his status" in order to "justify the jurisdiction of the court." *Id. at 164*. Two showings are required: (1) that the petitioner is unable to prosecute the habeas petition himself due to "inaccessibility, mental incompetence, or other disability," and (2) that the next friend is "truly dedicated to the best interest of the person on whose behalf he seeks to litigate," which can be established by showing "some significant relationship" between the next friend and that person. *Id. at 163-64*.

Although the Court can assume, at this point, that Ms. Wilson is committed to her son's best interests, she has not demonstrated that Mr. Wilson is unable to seek relief on his own behalf. He is incarcerated in the ADC's Grimes Unit,[1] and the Court sends and receives mail from ADC prisoners on a daily basis. Thus, Ms. Wilson's request to proceed as next friend is DENIED.

---

[1] See http://adc.arkansas.gov/inmate_info.

## B. Insufficient Information

Second, the "Petition" does not provide sufficient information for this Court to screen the proposed claims to determine if they should be allowed to proceed. *See* § 2254 Rule 2(d) (federal habeas petition "must substantially follow" standard § 2254 form); § 2254 Rule 4 (a federal court should summarily dismiss a habeas petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

The "Petition" consists of two pages, followed by copies of a Sentencing Order filed on January 3, 2019, and an Amended Sentencing Order filed on February 19, 2019, entered in *State v. Wilson*, Crittenden County Circuit Court Case No. 2009-1377 1377 ("*Wilson I*").[2] The "Petition" asserts in a conclusory fashion that: (1) the sentence imposed in the Sentencing Order was "illegal"; and (2) the sentencing court never gave Mr. Wilson "the option to withdraw his guilty plea on the parole change."

---

[2] Originally, Mr. Wilson received a suspended imposition of sentence on four felony offenses. His suspended sentence was revoked in 2014. The "Petition" alleges he was "revocated" twice in 2018, made parole in December of 2018, but was resentenced in 2019 on the 2018 revocation.

Mr. Wilson previously filed and litigated to conclusion a § 2254 Petition challenging the in *Wilson I* 2014 revocation decision. *See Wilson v. Kelley*, No. 5:15-cv-00017-JTR (E.D. Ark. August 21, 2015). This Court denied his habeas claims as procedurally defaulted. The Court is directing the Clerk to provide Mr. Wilson with a copy of the Memorandum Opinion denying habeas relief. It may be helpful to him if he decides to complete and submit the § 2254 form Petition for Writ of Habeas Corpus (Form AO 241), as he must if he wishes to continue this action.

3

The "Petition" fails to allege why either of these allegations rises to the level of a cognizable habeas claim.³ *See Adams v. Armontrout*, 896 F.2d 332, 334 (8th Cir. 1990) (a petitioner "must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified."). The "Petition" also makes other allegations which are clearly inappropriate in a habeas action.⁴ Finally, the "Petition" provides no information as to whether Mr. Wilson has made any effort to exhaust his state court remedies before seeking federal habeas relief.⁵

If Mr. Wilson wishes to pursue habeas relief in connection with this matter, he must complete and submit the § 2254 form Petition for Writ of Habeas Corpus (Form AO 241).

IT IS THEREFORE ORDERED THAT:

---

³ 28 U.S.C. § § 2241(c)(1), 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States) (citations omitted). Thus, a federal habeas court lacks jurisdiction to "reexamine state-court determinations on state law questions." *Estelle*, 502 U.S. at 67-68.

⁴ For example, a habeas Court is not the appropriate forum to consider or resolve Ms. Wilson's allegation that she has paid money and continues to make monthly payments to a lawyer, Scott Trout, who is "hiding from the phone," and may not have the expertise, as a real estate lawyer, to provide the legal assistance she is seeking, presumably on behalf of her son.
If Ms. Wilson wants to file a complaint about Mr. Trout, she can contact the Arkansas Supreme Court's Committee on Professional Conduct at Rebsamen Corporate Square, 2100 Riverfront Drive, Suite 200, Little Rock, AR 72202, or call (501) 376-0313 or (800) 506-6631.

⁵ Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaust[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

1. Juanita Wilson's request to proceed as next friend on behalf of Mr. Wilson is DENIED.

2. The Clerk of the Court is directed to send Mr. Wilson: (a) a blank Application to Proceed Without Prepayment of Fees and Certificate of Prisoner Account (Form AO 240); (b) a blank 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Form AO 241); and (c) a copy of the docket sheet and the Court's ruling in *Wilson v. Kelley*, No. 5:15-cv-00017-JTR, *Doc. 14*.

3. If Mr. Wilson wishes to continue with this action, he must, **on or before May 29, 2019**, **either**: (a) file the completed Application to Proceed Without Prepayment of Fees (Form AO 240), including the Certificate of Prisoner Accounts;[6] **or** (b) pay the $5.00 filing fee, in full.[7]

4. In addition, if Mr. Wilson wishes to continue with this action, he must, **on or before May 29, 2019**: (a) complete the applicable sections of the § 2254 Petition (Form AO 241); (b) sign it on the appropriate line on page 15; and (c) file it with the Court as an Amended Petition.

---

[6] The Certificate must be signed by an authorized officer at the incarcerating facility.

[7] Wilson's payment must clearly indicate that it is for payment of the filing fee in this action, *Wilson v. Kelley*, No. 5:19-CV-00134-BRW-JTR.

5. The Court advises Mr. Wilson, that, if he fails to timely and properly comply with any portion of this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[8]

6. Service of the Petition is not appropriate at this time.

DATED THIS 29th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.) *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).