# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DETERRIUS LAMONT WILSON                                          PETITIONER
ADC # 148279

VS.                          NO. 5:19-CV-00134-BRW-JTR

DEXTER PAYNE, Director,[1]
Arkansas Department of Correction                                RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

---

[1] On or about July 26, 2019, Dexter Payne replaced Wendy Kelley as the Director of the Arkansas Department of Correction. Mr. Payne is automatically substituted as the Respondent pursuant to Fed. R. Civ. P. 25(d).

1

## I. Background

Pending before the Court is a § 2254 Amended Petition for a Writ of Habeas Corpus filed by Petitioner, Deterrius Lamont Wilson ("Wilson"). *Doc. 3*. Before addressing Wilson's habeas claims, it is important to understand the procedural history of the case in state court.

### A.   Wilson's State Court Convictions and Sentences

On August 24, 2010, Wilson entered a negotiated guilty plea in Crittenden County Circuit Court to four felony offenses and was sentenced as follows:

Count 1 - Possession of a controlled substance with intent to deliver:
   Eight-years, followed by a two-year suspended imposition of sentence ("SIS");[2]

Count 2 - Possession of a Firearm by a Felon:
   Ten-year SIS;

Count 3 - Simultaneous possession of Drugs and Firearms:
   Ten-year SIS;[3] and

Count 4 - Theft of property:
   Ten-year SIS.

---

[2] Under Arkansas law, a "suspended imposition of sentence" or "SIS" is a "procedure in which a defendant who pleads guilty . . . is released by the court without pronouncement of sentence and without supervision." Ark. Code Ann. § 5-4-101(5) (2013 Repl.). A period of SIS "commences to run on the day it is imposed." Ark. Code Ann. § 5-4-307(a) (2013 Repl.).

When a court revokes a SIS during the period of "suspension," it may then sentence a defendant to any period of incarceration within the full statutory range of punishment that might have been imposed originally for the offense. Ark. Code Ann. § 5-4-309(g)(1)(A) (eff. July 31, 2009) (repealed and now codified at Ark. Code Ann. § 16-93-308(g)(1)(A) (eff. July 27, 2011)).

[3] It is undisputed that, at the time the crime was committed, (October 16, 2009), the imposition of a ten-year SIS on Count 3 was invalid because Ark. Code Ann. §§ 5-4-104(c)(1) and 5-4-301(a)(1) (eff. July 31, 2009) required the trial court to impose a term of imprisonment for this crime. *See* footnote 7, *infra*.

*State v. Wilson*, Crittenden County Circuit Court Case No. CR-2009-1377 ("*Wilson I*"). The trial judge ordered that all sentences run *concurrently*.[4] *See* Resp.'s Exh. A, *Doc. 17-2* (copies of plea-related documents and sentencing order). Wilson did not appeal.

Wilson completed the eight-year sentence on Count 1 and was released from the Arkansas Department of Corrections. Thereafter, he still remained under the ten-year SIS imposed on Counts 2, 3, and 4.[5]

On December 1, 2011, the prosecutor filed a Petition for Revocation based on Wilson violating the terms of his SIS imposed in *Wilson I*, as well as the terms of his probation and SIS imposed in an earlier case, *State v. Wilson*, Crittenden County Circuit Court Case No. CR-2005-271 (""CR-2005-271").[6] On June 28, 2012; July 10, 2013, and February 18, 2014, the prosecutor filed Amended Revocation Petitions.

---

[4] The record does not clearly identify the circuit judge who imposed this sentence. However, it appears they were imposed by Circuit Judge Ralph Wilson ("Judge Wilson")..

[5] It is unclear exactly when Wilson completed this eight-year sentence and was released from the ADC. However, he had to be released before December 1, 2011, because on that date the Crittenden County prosecutor filed a Petition for Revocation of the SIS sentences imposed in *Wilson I*.

[6] Nothing that happened in Case No. CR-2005-271 is at issue in Wilson's current habeas Petition. Accordingly, the Court will focus solely on the facts and law relevant to what took place in *Wilson I*.

On February 24, 2014, Circuit Court Judge John Fogleman held a revocation hearing in *Wilson I* and CR-2005-271. At the beginning of the hearing, Wilson's attorney made an oral motion calling to the court's attention that the ten-year SIS originally imposed on Count 3 was invalid because Arkansas law *required* a sentence of imprisonment on a guilty plea to simultaneous possession of drugs and a firearm, a Class Y felony.[7] *Doc. 17-4 at pp. 3-5.* Judge Fogleman did *not* address the consequences of Judge Wilson's imposition of this invalid sentence on Count 3, or discuss how he should now go about remedying that error. Instead, after hearing testimony, Judge Fogleman ruled that Wilson had violated the terms and conditions of the SIS imposed on Counts 1, 2 and 4 in *Wilson I*, and ignored the issue of whether the sentence Judge Wilson imposed on Count 3 was invalid. Judge Fogleman sentenced Wilson to: (1) two years of imprisonment on Count 1, possession of a controlled substance with intent to deliver; (2) an additional ten years SIS on Count 2, possession of a firearm by a felon; and (3) ten years imprisonment on Count 4,

---

[7] *See* Ark. Code. Ann. § 5-4-104(c)(1) ("A defendant convicted of a Class Y felony . . . shall be sentenced to a term of imprisonment . . .") (eff. July 31, 2009) and Ark. Code Ann. § 5-4-301(a)(1) (A court shall not suspend imposition of sentence as to a term of imprisonment or place a defendant on probation for . . . [a] Class Y felony. . .") (eff. July 31, 2009); *see also State v. Fountain*, 350 Ark. 437, 88 S.W.3d 411 (2002) (where defendant was convicted of simultaneous possession of drugs and firearms, a class Y felony, the trial court was mandated to sentence defendant to a term of imprisonment of not less than 10 years and not more than 40 years, or life; trial court exceeded its statutory authority in suspending the execution of four years of defendant's 10-year, statutory-minimum sentence); *State v. Hardiman*, 353 Ark. 125 (2003) (defendant convicted of simultaneous possession of drugs and a firearm, a Class Y felony, was not eligible for a suspended sentence).

theft of property.[8]  The Judgment and Commitment Order made it clear that those three sentences were to run concurrently. *Doc. 17-4 at pp. 47-48*.  Wilson did not pursue a direct appeal from the imposition of those sentences or, later, pursue post-conviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure.[9]

### B.     Wilson's First § 2254 Habeas Action Challenging His State Court Conviction and Sentence in *Wilson I*

On February 12, 2015, Wilson filed a § 2254 habeas Petition challenging the February 24, 2014 revocation and sentencing in *Wilson I*. *Wilson v. Kelly*, E.D. Ark. Case No. 5:15-cv-00017-JTR.  In his Petition, Wilson argued that the "aggregate sentence" he received, during the revocation hearing, was invalid because: (1) it was the "fruit" of the original ten-year SIS that Judge Wilson erroneously imposed for simultaneous possession of drugs and firearms, an offense that required "mandatory prison time"; and (2) because Judge Fogleman's Sentencing Order

---

[8] Judge Fogleman found that Wilson violated the terms of his SIS, on Counts 1, 2, and 4, by committing the offenses of possession of a controlled substance, fleeing, driving on a suspended driver's license, driving with no proof of liability insurance, failing to appear in court, and possessing a prohibited article. *Doc. 17-4* at *p. 48*.  These findings authorized Judge Fogleman to sentence Wilson, on Counts 1, 2, and 4, to any period of incarceration within the full statutory range of punishment that he could have originally imposed for those offenses. Ark. Code Ann. § 5-4-309(g)(1)(A) (eff. July 31, 2009) (repealed and now codified at Ark. Code Ann. § 16-93-308(g)(1)(A) (eff. July 27, 2011)).

[9] A defendant may collaterally attack a sentence imposed following a revocation of his SIS by filing a timely Ark. R. Crim. P. 37.1 post-conviction petition with the trial court that imposed the sentence. *Mister v. State*, 2014 Ark. 445, 446 S.W.3d 624 (2014).

failed to mention the erroneous and invalid ten-year SIS sentence on Count 3, Wilson was "only revocated in part." *Id. at Doc. 3 at pp. 4-6; Doc. 14 at p. 4.*

On August 21, 2015, I entered an Order holding that all of Wilson's claims were procedurally defaulted because he failed to file a direct appeal challenging either Judge Fogleman's February 24, 2014 revocation decision and sentences *or* the original sentences imposed by Judge Wilson in *Wilson I*. *Id. at Doc. 14 at pp. 4-6.* Accordingly, I entered a Judgment dismissing, with prejudice, Wilson's habeas Petition in Case No. 5:15-cv-00017. *Id. at Doc. 14.* Wilson did not appeal.

### C. State Court's Correction of Invalid Sentence Imposed on Count 3 in *Wilson I* and Imposition of a New Sentence

On April 5, 2018, the prosecutor filed a Petition for Revocation of the sentence imposed on Count 3 in *Wilson I*. *Doc. 17-10 at pp. 1-2.*[10]

On September 14, 2018, Circuit Judge Randy Philhours held a revocation hearing. During the hearing, the State presented the testimony of West Memphis Police Officer O'Dell Livingston. Officer Livingston testified about a March 2018 incident in which Wilson fled from the police in a vehicle. During the high-speed chase, Wilson drove through residential neighborhoods and pointed a gun at the police from inside his vehicle. After Wilson lost control of the vehicle, he fled on

---

[10] Eighteen months earlier, the prosecutor filed a similar Petition for Revocation on Count 3, but later withdrew the September 30, 2016 revocation petition. Docket sheet, *Doc. 17-3 at 13-14*; Order, *Doc. 17-7 at 3-4*.

foot. During the foot chase, Wilson dropped a gun and a bullet-proof Kevlar vest. When finally apprehended, Wilson had two fully loaded 9 mm magazines on his person. A search of the car revealed a second gun. *Doc. 17-8 at 10-62*.

At the end of the hearing, counsel brought to Judge Philhours' attention that the original sentence imposed by Judge Wilson on Count 3 appeared to be invalid. Judge Philhours postponed ruling on the revocation issue until the attorneys' briefed whether the original ten-year SIS on Count 3 was invalid, and, if so, how the court should proceed.[11] Hearing Transcript, *Doc. 17-8*.

On October 17, 2018, the prosecutor filed a Motion to Correct Illegal Sentence. He argued that, in lieu of proceeding with the pending Revocation Petition, Judge Philhours should exercise jurisdiction to correct the invalid ten-year SIS sentence Judge Wilson imposed on Count 3 in August of 2010. According to the prosecutor, because the original sentence was invalid on its face, it could be corrected at any time. This meant Judge Philhours had the authority to impose a corrected sentence on Count 3 of not less than ten years nor more than forty years, or life, the statutory sentencing range under Ark. Code Ann. §§ 5-4-104(c)(1) and 5-

---

[11] In arguing the sentence was invalid, Wilson and his counsel relied on *Wade v. State*, 2011 Ark. App. 464 (unpublished) (holding the trial court "erred in revoking [Wade's] probation without correcting the [original] illegal sentence," which was void and illegal because a sentence of probation was not authorized for the original offense of conviction, simultaneous drugs and a firearm, a Class Y felony).

4-301(a)(1) (eff. July 31, 2009), when Judge Wilson imposed the invalid ten-year SIS on Count 3. *Doc. 17-10 at 4-5*.

On October 18, 2018, Judge Philhours entered a letter opinion ruling that: (1) the ten-year SIS sentence imposed on Count 3, on August 24, 2010, was illegal; (2) the sentence could be corrected at any time, even though it had been "partially executed"; (3) Wilson would not be permitted to withdraw his guilty plea to Count 3; and (4) a resentencing hearing, on Count 3, would be scheduled "as soon as possible." *Doc. 17-10 at pp. 11-12*.

On January 3, 2019, Judge Philhours conducted a new sentencing hearing on Count 3. Wilson was permitted to call witnesses and present evidence.[12] At the conclusion of the hearing, Judge Philhours sentenced Wilson to 40 years' imprisonment, with a "jail credit" for ten years, which was *more* than the nine years that Wilson talked about serving "just to make sure he got all he was entitled to." *Doc. 17-9 at p. 64*. In explaining the sentence, Judge Philhours stated that he was influenced by the earlier testimony of Officer Livingston, during the initial September 14, 2018 revocation hearing. Judge Philhours characterized Officer Livingston's testimony about the high speed of Wilson's fleeing vehicle, followed by a car crash and foot chase, as "some of the best police officer testimony" he had

---

[12] Wilson called three defense witnesses: his father; stepmother; and the mother of his four children. The prosecution did not call any witnesses.

heard, and he described Wilson's behavior during that incident as "scary stuff." *Doc. 17-9 at p. 63*.

On January 3, 2019, Judge Philhours entered a Sentencing Order, and on February 19, 2019, he entered an Amended Sentencing Order. *Doc. 17-10 at pp. 14-18*.[13] *Wilson did not appeal or seek post-conviction relief from either Sentencing Order entered by Judge Philhours*.

### D. Wilson's Pending Habeas Action Challenging His Resentencing By Judge Philhours

On May 13, 2019, Wilson initiated this § 2254 action, which challenges the new forty-year sentence Judge Philhours imposed on Count 3. Wilson makes four claims of error in connection with his resentencing:

Claim 1: The 40-year sentence imposed by the trial court was "vindictive" because Wilson proved that the original ten-year SIS sentence was "illegal."[14]

---

[13] The record is unclear *why* this Amended Sentencing Order was entered. Both Sentencing Orders imposed the same duration of sentence.

Both Orders contain the notation: "original sentence was ruled to be illegal sentence and was sent back to lower court. new sentence issued." As Respondent correctly points out, to the extent both Orders contain a statement suggesting that an appellate court sent the case back for resentencing, that statement is clearly erroneous. *Doc. 17, n. 1*. It was Judge Philhours himself who concluded that the ten-year SIS originally imposed by Judge Wilson was invalid and that he retained jurisdiction to resentence Wilson on Count 3 to correct the invalid sentence imposed by Judge Wilson in 2010.

[14] As Respondent correctly points out, the sentence imposed by Judge Philhours, on January 3, 2019, was not illegal because it was within the limits set by the legislature for the offense in question. *See*, *e.g.*, *Halfacre v. State*, 2015 Ark. 105, at 3, 460 S.W.3d 282, 285 ("A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. . . . If a sentence is within the limits set by statute, it is legal."); *see also* Ark. Code Ann. § 16-90-111 (a circuit court may "correct an illegal sentence at any time.").

    Claim 2:    The 40-year sentence was "without merit" because Wilson had "flattened" the original ten-year SIS, based on several prior revocations.[15]

    Claim 3:    Wilson was exposed to double jeopardy because he had already served the ten-year SIS on Count 3 at the time Judge Philhours imposed the corrected sentence on January 3, 2019.

    Claim 4:    The 40-year sentence was cruel and unusual punishment because Wilson had already served the ten-year SIS and because of its negative impact on Wilson's parole eligibility.

*Doc. 3 and 3-1*.

In Respondent's Brief, he argues that all of Wilson's habeas claims are procedurally defaulted or, alternatively, without merit. *Doc. 17*. Wilson has filed a Reply Brief making additional arguments in support of his habeas claims. *Doc. 21*. Thus, the issues are now joined and ripe for decision.

For the reasons discussed below, the Court concludes that all of Wilson's habeas claims are procedurally defaulted. Accordingly, the Court recommends that Wilson's Petition for a Writ of Habeas Corpus be denied and the case dismissed, with prejudice.

---

[15] At the time of the January 3, 2019 resentencing, ten years clearly had *not* passed, either from the imposition of the original SIS sentence on August 24, 2010, *or* the commission of the crime on October 16, 2009. Thus, Wilson's argument that he had "flattened' the original ten-year SIS has no basis in fact.

## II. Discussion

A habeas petitioner must first "fairly present" his claims in state court *before* seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his federal habeas claim not only in the state trial court, but also in "one complete round of the State's established appellate review process." *Murphy v. King*, 652 F.3d at 848-49; *Grass v. Reitz*, 643 F.3d 579, 584-85 (8th Cir. 2011).

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Here, during his state court resentencing on Count 3, Wilson did not raise *any* federal constitutional challenges. Likewise, Wilson did not challenge either the Sentencing Order filed on January 3, 2019 or the Amended Sentencing Order filed on February 19, 2019. He also did *not* appeal any aspect of the resentencing on

Count 3, and the time for doing so has expired.[16]  Finally, Wilson did *not* seek Rule 37 post-conviction relief by challenging his sentence or claiming his attorney provided ineffective assistance of counsel.  Because the time for pursuing Rule 37 relief expired *before* Wilson initiated this habeas action, all of Wilson's current claims are procedurally defaulted.[17]

To overcome his procedural default of those claims and allow the Court to consider them, Wilson must now come forward with facts sufficient to satisfy the "cause and prejudice" or "actual innocence" exceptions to procedural default. *See Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice."); *Schlup v. Delo*, 513 U.S. 298, 327, (1995) (actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.").  If a habeas petitioner does not establish cause,

---

[16]  A petitioner can appeal from a sentencing error even when the underlying conviction was based on a guilty plea.  *See*, *e.g. Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (*citing Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185, 186 (2005).  However, the notice of appeal must be filed within thirty days of entry of judgment.  *See* Ark. R. App. P. - Crim. 2(a)(1).

[17] Under Ark. Code Ann. § 16-90-111 (Repl. 2016) and Ark. R. Crim. P. 37.1, Wilson had ninety days from entry of the judgment to file a motion to correct or reduce the sentence. *See also State v. Wilmoth*, 396 Ark. 346, 255 S.W.3d 419, 424 (2007) (§ 16-90-111 petition is untimely if not filed within Rule 37's time limits).

there is no need to consider whether he has established prejudice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

In his Reply Brief, Wilson argues, *for the first time*, that his procedural default should be excused because his trial counsel was ineffective: (1) in allowing him to plead guilty to a crime and to receive a sentence that was "illegal," something his attorney should have anticipated might later subject Wilson, upon revocation, to be resentenced up to the statutory authorized maximum; and (2) in failing to file a direct appeal after the resentencing hearing, which Wilson contends he requested his attorney to do.[18]

Ineffective assistance of trial or appellate counsel can constitute "cause" sufficient to excuse a procedurally defaulted claim.[19] However, a claim of ineffective assistance must be presented to the state courts, as an independent claim, *before* it can be used to establish cause to excuse a petitioner's procedural default of a federal habeas claim. *Clemons v. Luebbers*, 381 F.3d 744, 752 (8th Cir. 2004) *cert. denied*, 546 U.S. 828 (2005); *Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002);

---

[18] Wilson does not explain what claims his attorney should have presented on direct appeal. The Court assumes, solely for purposes of the present Recommendation, that Wilson requested his attorney to raise the same four claims he is now asserting in this action.

[19] Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 602 (1991).

*Edwards v. Carpenter*, 529 U.S. 446, 120 S. Ct. 1587, 1589, 146 L. Ed. 2d 518 (2000). Thus, Wilson's failure to assert any claim of ineffective assistance of counsel in any of his state court proceedings bars him from relying on ineffective assistance of counsel to save his procedurally defaulted federal habeas claims.

Wilson also cannot establish "cause" for excusing his procedural default by relying on his *pro se* status, lack of education, or ignorance of the need to present his claims to the state court. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Finally, Wilson makes no effort to establish a miscarriage of justice, through actual innocence, by identifying *any* "new evidence," much less explaining *how* such "new" evidence establishes his actual innocence.[20]

Accordingly, Wilson's procedural default bars this Court from considering the merits of any of the claims he has raised in this habeas action.

---

[20] *See Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted") (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)); *Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in noncapital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"); *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but ... come forward with new reliable evidence which was not available at trial through the exercise of due diligence."); see also *McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) (noting that the habeas petitioner had not attempted to invoke actual innocence but that "in light of his guilty plea, such an attempt would be unpersuasive

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Petitioner Wilson's 28 U.S.C. § 2254 Petition and Amended Petition for a Writ of Habeas Corpus, *Docs. 1 & 3*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 7th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE